**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**ALBANY DIVISION**

| | |
|---|---|
| TONI LLERA HOLTON, | : |
| Petitioner, | : |
| v. | : Case No. 1:09-cv-94 (WLS) |
| TONY HOWERTON, Warden, | : |
| Respondent. | : |

## **ORDER**

Before the Court is a Report and Recommendation from U.S. Magistrate Judge Thomas Q. Langstaff, filed August 10, 2011. (Doc. 10). Judge Langstaff recommends the denial of Toni Llera Holton's [hereinafter "Petitioner"] federal petition for a writ of habeas corpus. In her petition, Petitioner raised the following claims: (1) Petitioner is not guilty as a matter of law as well as immune from prosecution and her continued incarceration would be a manifest injustice; (2) the twenty year delay in prosecuting Petitioner prejudiced her trial which would have made a difference; (3) prosecutorial improprieties violated due process; and (4) Petitioner's conviction on unsworn extra judicial hearsay statements was in violation of the constitutional Right of Confrontation and Due Process Protections. (Docs. 1, 2) In his recommendation, Judge Langstaff reasoned that the first claim failed to state a federal claim, because it involved the application of state law. To the extent it raised a federal due process claim, Judge Langstaff found that Petitioner had not shown that the state court's decision violated clearly established federal law. Judge Langstaff also reasoned that Plaintiff had not submitted new evidence to support an actual innocence claim.

1

Moving to Petitioner's second and third claims, Judge Langstaff found that the state court properly applied clearly established federal law in finding that Petitioner's delay in prosecution did not violate due process. He reasoned that Petitioner had not shown that his delay was part of a deliberate intent on the part of the prosecution. Finally, Judge Langstaff concluded that several out-of-court statements did not violate the Confrontation Clause because one of them was not "testimonial" and because the other declarant was available for cross-examination.

The Report and Recommendation provided the Parties with fourteen (14) days[1] from the date of its service to file written objections to the recommendations therein. (*Id.*). The period for filing objections expired on Monday, August 27, 2011.[2] Petitioner timely filed her Objection on August 22, 2011, raising three primary grounds for relief. (Doc. 12).

In the objection, Petitioner attempts to re-argue, practically word for word, the various allegations contained in her initial §2544 Petition, all of which Judge Langstaff already has reviewed and for which he has provided recommended findings. First, she claims that "her continued incarceration offends Due Process when she has committed no crime definable under current law and constitutes a manifest injustice when she is actually innocent as a matter of law and would be immune from prosecution." (Doc. 12 at 5.) At its core, Petitioner essentially argues that O.C.G.A. § 16-3-24.2, which was enacted after Petitioner's conviction, made her immune from prosecution because she had no duty to retreat from the victim's alleged attacks. The state habeas court concluded that the new statute did not create a new rule of substantive criminal law that must be applied retroactively. Judge Langstaff addressed this exact argument in his Recommendation and found that Petitioner had not shown how that decision is contrary to

---

[1] The Parties were given an additional three days because service was made by mail. *See* Fed. R. Civ. P. 6(d) (adding three days to specified period within which a party may act if service is made under Rule 5(b)(2)(C) by mailing process to a party's last known address).

[2] Because the actual deadline for filing objections—Saturday, January 28, 2012—fell on a weekend, the deadline was extended to Monday, January 30, 2011. *See* Fed. R. Civ. P. 6(a)(1)(C).

or an unreasonable application of clearly established federal law.  Accordingly, the Court finds that Petitioner's resubmission of the arguments made in her original § 2244 petition regarding her due process claim fails to rebut the legally sound findings of Judge Langstaff.

Second, Plaintiff claims that a twenty-year delay in prosecution violated due process. She does not identify any specific errors in Judge Langstaff's analysis, and instead continues to argue that the Court should require only a showing of "reckless disregard" on the part of the prosecution. As Judge Langstaff found, "reckless disregard" for the resulting prejudice does not suffice under the clearly established federal law.  Accordingly, the Court finds that Plaintiff's resubmission of the same arguments she presented in her original § 2244 petition regarding the delay in prosecution fails to rebut the legally sound findings of Judge Langstaff.

Finally, Plaintiff reasserts her argument that the use of testimonial extra judicial hearsay statements violated the Confrontation and Due Process Clauses of the United States Constitution. Plaintiff again bases her argument on the Supreme Court's decision in <u>Crawford v. Washington</u>, 541 U.S. 36 (2004), which limited the use of testimonial hearsay statements. (Doc. 12 at 30-31). However, Plaintiff's objections fail to contest Judge Langstaff's finding the two out-of-court statements did not violate the Confrontation Clause because one of them was not "testimonial" and because the other declarant was available for cross-examination.  Instead, the objection simply restates the law on the use of testimonial hearsay statements. (Doc. 12 at 30-33). As such, the Court finds that Plaintiff again fails to rebut the legally sound finding of Judge Langstaff on the use of testimonial extra judicial hearsay.

Accordingly, Plaintiff's Objection (Doc. 12) is **OVERRULED**, and U.S. Magistrate Judge Langstaff's August 10, 2011 Report and Recommendation (Doc. 10) is **ACCEPTED, ADOPTED** and made the Order of this Court for reason of the findings made and reasons stated therein, together with the reasons stated and conclusions reached herein.  The Court therefore

3

**DENIES** Petitioner's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Docs. 1, 2).

**SO ORDERED**, this  28th   day of September 2012.

/s/ W. Louis Sands
**THE HONORABLE W. LOUIS SANDS,**
**UNITED STATES DISTRICT COURT**
